**Ray MARSHALL, Secretary of Labor, United States Department of Labor, Appellant,**

v.

**LINCOLN SCHOOL DISTRICT NO. 48, Appellee.**

**No. 79–1004.**

United States Court of Appeals, Eighth Circuit.

Submitted May 16, 1979.

Decided June 7, 1979.

Rehearing and Rehearing En Banc Denied June 28, 1979.

Gregory O'Duden, Atty., U. S. Dept. of Labor, Washington, D. C., for appellant; Carin Ann Clauss, Sol. of Labor, Donald S. Shire, Associate Sol., Lois G. Williams, Atty., U. S. Dept. of Labor, Washington, D. C., on the brief.

Walter R. Niblock, Niblock & Odon, Fayetteville, Ark., for appellee; Bruce Munson, Fayetteville, on the brief.

Before LAY and HEANEY, Circuit Judges, and DEVITT,* District Judge.

LAY, Circuit Judge.

The Secretary of Labor brought suit in the district court for the Western District of Arkansas to enforce the retaliatory discharge provision under Section 15(a)(3) of the Fair Labor Standards Act, 29 U.S.C. § 215(a)(3), for an alleged retaliatory discharge of four employees of the Lincoln School District. The district court found in favor of the School District on the ground that although the Secretary had made a prima facie case, the discharge was nonetheless proven to be based upon economic justification. We reverse.

The facts as found by the trial court are largely undisputed. In February of 1975 four of the seven cooks employed by Lincoln School District No. 48 composed a letter to the Department of Labor inquiring about their right to overtime compensation under the Fair Labor Standards Act. They then presented the letter to the three other cooks for their signatures. After all had signed, the letter was sent to the Wage and Hour Division of the Department of Labor. The Labor Department investigated the complaint and determined that the School District owed the seven cooks back wages. During its May 13, 1975, meeting the school board was apprised of the Labor Department's finding and voted to pay all seven cooks the back wages found due. At the same meeting the board, on the recommendation of the school superintendent, voted not to offer reemployment to the four cooks who had instigated the wage complaint. The four promptly reported the School District's failure to rehire them to the Department of Labor. This action was then commenced alleging a violation of 29 U.S.C. § 215(a)(3).

Section 215(a)(3) reads in pertinent part:

[I]t shall be unlawful for any person—

.    .    .    .    .

(3) to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter  .    .    .    .

29 U.S.C. § 215(a)(3).

After hearing the evidence the trial court ruled the Secretary had established a prima facie showing that the School District refused to rehire the four cooks in retaliation for their role in initiating the wage and

---

* Edward J. Devitt, Chief Judge, District of Minnesota, sitting by designation.

hour investigation. After recounting the Secretary's evidence that the four cooks "had never disobeyed directions or school policies," the court specifically found "that the four had been good employees." Neither of the parties assert that these findings are clearly erroneous.

Notwithstanding the above findings, the district court found that the School District had sustained its burden to show that the board's action was not retaliatory. The sole reason given by the court for this conclusion was that the school cafeteria operated at a financial loss and as a result the board decided to reduce by four the number of cooks working in the cafeteria. Thus, the court explained the board's actions as follows:

> When the time came to renew contracts, the board acted on its previously formulated plan and renewed the contracts of only four kitchen employees: three cooks and the supervisor. This reduced the kitchen staff by half. *The school has not replaced the four cooks whose contracts were not renewed,* as the new procedures have proved both efficient and satisfactory as well as staying within the school budget.

(Emphasis added.)

We find that this ruling, as conceded by the School District on appeal, is clearly erroneous. It is undisputed on the record that four replacement cooks *were* hired. All parties agree, and the record unequivocally establishes that seven full-time cooks were employed by the school district during the 1975–76 school year.

 The School District urges that we remand this case to the district court for further consideration. However, in light of the other fact findings made by the trial court, we find further proceedings unnecessary. The district court found that the board's contemporaneous decisions to pay the cooks back wages and not hire the instigators of the wage complaints gave rise to a prima facie case of retaliation in violation of 29 U.S.C. § 215(a)(3). We cannot say that this finding was clearly erroneous. *See Brennan v. Maxey's Yamaha, Inc.,* 513 F.2d 179, 181–83 (8th Cir. 1975); *Mitchell v. Goodyear Tire & Rubber Co.,* 278 F.2d 562, 565 (8th Cir. 1960). There exists no credible evidence to rebut the Secretary's prima facie case.

The School District urges an alternative defense that the cooks were allegedly causing "morale problems" in the school cafeteria. However, as previously noted, the district court found that the four cooks were "good employees." The School District does not allege this finding is clearly erroneous, and we find it supported by the record. The School District also alleges that "financial problems" necessitated the cooks' non-renewal. But since replacement cooks were hired, no financial benefit arose from the failure to rehire the four original cooks. Indeed, the only distinguishing characteristic common to all four cooks is that they instigated the submission of a wage complaint to the Department of Labor.

Accordingly, the judgment of the district court is reversed and the cause remanded with directions that an appropriate reinstatement and back pay order be entered.